UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| DANA THIBODEAUX | CIVIL ACTION NO. 06-1443 |
| VS. | JUDGE HAIK |
| LORETTA ETIENNE<br>JOHN JAMES<br>LARRY Caillier<br>PERRY GALLOW<br>ROYLIS GALLOW<br>*Individually and in their Official*<br>*Capacity as City of Opelousas*<br>*Police Officers* | MAGISTRATE JUDGE METHVIN |

### *HEIGHTENED PLEADING REVIEW*

In this §1983 civil rights suit, plaintiff has sued Officers Loretta Etienne, John James, Perry Gallow, and Roylis Gallow and Police Chief Larry Caillier in both their official and individual capacities. In their answer, the aforementioned defendants plead the defense of qualified immunity. The undersigned has therefore conducted an evaluation of plaintiff's complaint to determine whether it meets the applicable heightened pleading requirement. *See* Schultea v. Wood, 47 F.3d 1427, (5th Cir. 1995);[1] Baker v. Putnal, 75 F.3d 190, 195 (5th Cir. 1996).[2]

---

[1] Schultea instructs that when public officials sued in their individual capacities plead qualified immunity in a '1983 case, the district court should Ainsist that a plaintiff file a reply@ under Rule 7(a) Fed.R.Civ.P. The reply Amust be tailored to the assertion of qualified immunity and fairly engage its allegations.@ The court may ban discovery to allow the prompt filing of a dispositive motion, unless the court finds Athat plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant=s conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.@ Schultea v. Wood, 47 F.3d 1427, 1433-34.

[2] Defendants have filed a motion for summary judgment, contending in part that they are entitled to qualified immunity (Rec. Doc. 36).

2

Plaintiff claims that the officers' improper investigation led to his being charged with a rape of which he was ultimately acquitted, and that as a consequence, he suffered damage to his reputation, loss of freedom, mental anguish, loss of income, and caused him to receive a criminal record .

Plaintiff's complaint and amended complaint allege the following: On November 17, 2002, Tara Charrier went to the Opelousas General Hospital claiming that she had been raped by a white man or a light-skinned black driving a black Hummer.  Perry and Roylis Gallow learned that plaintiff owned a black Hummer and questioned him at his hotel room.  At the Opelousas City Police Department plaintiff voluntarily gave a statement, agreed to be photographed, submitted a pubic hair and blood sample.  Plaintiff was released.

Between November 17, 2002 and November 19, 2002, although defendants knew Charrier's statements were inconsistent, and information showed that Charrier was not being truthful in the investigation, the officers did nothing with the information to determine why Charrier was lying to them.

Defendants dusted Charrier's vehicle for fingerprints to see if plaintiff had been in her car.  Defendants possessed plaintiff's hair and blood samples for DNA analysis.  The evidence was used to determine whether plaintiff had been in the rear of Charrier's car as she claimed and whether plaintiff's DNA appeared on Charrier.  The evidence was submitted to the Acadian Criminalistics Laboratory.  Its February 7, 2003 report did not connect plaintiff either to Charrier's person or her vehicle.

On or about February 25, 2003, Chief Caillier stated to the media "we have insufficient evidence to present a case against anyone at this time."  Caillier also commented that he didn't

3

believe that Charrier had been raped and only claimed rape after learning the suspect was a light-complected black man instead of a white man. Between February 25, 2002 and the signing of the arrest warrant, defendants did not develop any credible evidence to support Charrier's allegations.

On March 25, 2003, defendants obtained a search warrant based on Perry Gallow's affidavit. Plaintiff was subsequently arrested on rape charges in Georgia and taken to Louisiana. On April 11, 2003, defendants submitted fingerprints from Charrier's vehicle for evaluation, which determined that plaintiff's prints were not located in the rear of Charrier's vehicle. Plaintiff was indicted and placed on bond pending his trial. Plaintiff was acquitted by a jury on August 24, 2005.

Plaintiff alleges that the defendants knew or, with minimum diligence should have known, that the charges against him were not well-founded and the evidence developed by them prior to his arrest did not rise to level of probable cause.

Plaintiff also alleges that: Etienne James, Chief Caillier, and Perry and Roylis Gallow, failed to interview witnesses, failed to follow up on inconsistencies and lies told by Charrier, and failed to investigate the possibility that he was the victim of a false rape accusation; and that defendants' refusal to abandon the investigation and to clear plaintiff as a suspect, when slight diligence would have shown there could be no conviction, constituted want of probable cause and general disregard of his rights.

Considering the foregoing, the undersigned concludes that plaintiff has "supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant[s'] conduct at the time of the alleged acts." Schultea, 47 F.3d at 1434. Plaintiff has

4

therefore met the heightened pleading requirement and no Rule 7(a) Order is necessary in this case. For the same reason, no order limiting discovery under Schultea is appropriate.[3]

Signed at Lafayette, Louisiana, on April 16, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[3] The Fifth Circuit in Schultea stated:

> The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity. The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.

Schultea, 47 F.3d at 1432-34.